# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| King Grant-Davis, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 2:15-cv-4019-PMD-MGB |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Supreme Court of South Carolina, ) | |
| South Carolina Court of Appeals, and ) | |
| State of South Carolina, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on Plaintiff's objections to the Report and Recommendation ("R & R") Magistrate Judge Mary Gordon Baker filed in this case (ECF Nos. 13 & 16). Magistrate Judge Baker reviewed Plaintiff's *pro se* complaint pursuant to Local Civil Rule 73.02(B)(2) (D.S.C.). In her R & R, she recommends dismissing the complaint without prejudice and without service of process.

## BACKGROUND AND PROCEDURAL HISTORY

This case stems from an appeal Plaintiff pursued in South Carolina state court. After filing a notice of appeal in the South Carolina Court of Appeals, Plaintiff asked that court to waive its filing fee and certain copying costs. The court denied most of the relief requested and, after two warnings, dismissed the appeal because Plaintiff did not pay the filing fee. He asked the Supreme Court of South Carolina to reverse the denial of his waiver request. It declined. Plaintiff then filed suit in this Court, asking it to hold that the two state appellate courts violated his constitutional rights by requiring him to pay the filing fee and the copying costs.

In her R & R, Magistrate Judge Baker recommended, *inter alia*, that Plaintiff's lawsuit be dismissed for lack of subject matter jurisdiction. Plaintiff filed timely objections to the R & R.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's proposed findings and recommendations within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

*Pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and federal district courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## ANALYSIS

The Court first addresses the jurisdictional issue Magistrate Judge Baker identified. *See*

*Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999) ("The existence of subject matter jurisdiction is a threshold issue . . . ."). Under 28 U.S.C. § 1257, the Supreme Court of the United States has exclusive appellate jurisdiction over state-court decisions. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). Accordingly, federal district courts have no power to engage in "what in substance would be appellate review of the state[-court] judgment." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). This rule is known as the *Rooker–Feldman* doctrine.[1] It applies where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Exxon Mobil Corp.*, 544 U.S. at 292; *see also Davani v. Va. Dept. of Transp.*, 434 F.3d 712, 718–19 (4th Cir. 2006) (stating *Exxon Mobil* instructs courts to focus on the source of the plaintiff's alleged injury; if the state-court judgment caused the plaintiff's injury, *Rooker–Feldman* bars the federal-court action).

In her R & R, Magistrate Judge Baker carefully analyzed Plaintiff's claim and concluded *Rooker–Feldman* deprives this Court of jurisdiction over it. Plaintiff argues *Rooker–Feldman* does not apply because he "is not attempting to appeal the state court decisions." (Objs., ECF No. 16, at 7.) The Court disagrees. Although Plaintiff has not labeled his case as an appeal, in substance, his case fits squarely within the circumstances described in *Exxon Mobil*. After proceedings in the state appellate courts ended, Plaintiff came to this Court, alleging that those courts made constitutionally infirm decisions on his waiver request. He now wants this Court to issue an opinion declaring as much. Such a ruling would simply be a judicial rejection of the state appellate courts' decisions, thus infringing on the Supreme Court's exclusive appellate

---

1.   *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

3

jurisdiction. Accordingly, the Court concludes that under *Rooker–Feldman*, it lacks jurisdiction over this case. Plaintiff's objection is overruled.

Because the absence of jurisdiction is dispositive, the Court need not—indeed, should not—address Plaintiff's objections or any other portion of the R & R. *Cf., e.g.*, *Kendley v. Univ. of S.C.*, No. 3:09-cv-786-CMC-PJG, 2009 WL 5194997, at *1 (D.S.C. Dec. 22, 2009) (adopting magistrate's report and recommendation without considering plaintiff's objections, as the objections, which addressed merits of plaintiff's claims, were not relevant to magistrate's recommendation to dismiss for lack of jurisdiction).

## CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's objections are **OVERRULED** and that the complaint is **DISMISSED** without prejudice and without service of process.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**January 14, 2016**
**Charleston, South Carolina**